DENNIS J. HERRERA, State Bar #139669
City Attorney
KATHARINE HOBIN PORTER, State Bar #173180
Chief Labor Attorney
JENICA D. MALDONADO, State Bar #266982
Deputy City Attorney
1390 Market Street, Fifth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3915
E-Mail:        jenica.maldonado@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

BRIAN K. ROSS, ESQ., State Bar #163940
11850 Dublin Avenue
Dublin, California  94568
Telephone:     (925) 803-9450

Attorney for Plaintiff
EUGENE F. DANTZLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE F. DANTZLER,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF<br>SAN FRANCISCO,<br><br>    Defendant. | Case No. C16-3119 EMC<br><br>**STIPULATION AND <u>AMENDED</u> [PROP~~OSED~~]<br>ORDER TO CONTINUE EXPERT<br>DISCOVERY AND RE: DEFENDANT'S<br>PSYCHOLOGICAL EVALUATION OF<br>PLAINTIFF** |

## STIPULATION

Plaintiff Eugene Dantzler ("Plaintiff") and Defendant City and County of San Francisco ("Defendant" or "City") (collectively, the "Parties"), by and through their attorneys, enter the following stipulation regarding their mutual request to continue expert discovery and Defendant's psychological evaluation of Plaintiff pursuant to Federal Rule of Civil Procedure 35(b)(6):

1. On July 13, 2017, Plaintiff appeared for deposition at the Office of the City Attorney, 1390 Market Street, Fifth Floor, San Francisco, CA 94102. This was Plaintiff's first appearance for deposition.

2. At deposition, Plaintiff disclosed that prior to his employment with the City he served in the military. He testified that while enlisted he experienced a service-related incident that resulted in diagnosis of multiple mental health conditions. He also testified that, from the date of the service-related incident until present, he has received mental health treatment for such conditions from providers at the United States Department of Veterans Affairs and Kaiser Permanente.

3. Also at deposition, Plaintiff testified that he seeks damages for emotional distress associated with the loss of his job with Defendant. He testified that he has suffered "more depression" and "low self-esteem" as a result of the job loss. Before deposition, Plaintiff's specific mental health conditions had not been disclosed to Defendant in the litigation.

4. The Parties jointly request a continuance of the expert discovery deadlines. The current expert discovery deadlines are as follows: September 7 (initial reports); September 28 (rebuttal reports); October 19 (expert discovery cut-off). (Dkt. No. 25) These dates are far in advance of the last day for hearing on dispositive motions (November 30) and the trial date (March 12, 2018). Defendant, with Plaintiff counsel's consent, proposed the existing expert discovery deadlines before it was aware of Plaintiff's unique mental health conditions and had an opportunity to evaluate their potential impact on Plaintiff's claim for emotional distress damages. With this information now revealed, the City has determined it will need to retain an expert witness to opine as to the impact of Plaintiff's pre-existing mental health conditions on his claim for emotional distress damages. Because of the expense associated with such discovery and because it will only become relevant if the Court

denies the City's motion for summary judgment (which the City intends to file on October 26 and have heard on November 30), the Parties jointly request that the Court postpone expert discovery until closer to trial, as set forth in the proposed order. There is good cause to do so because such information only becomes relevant if the case proceeds to trial and Plaintiff's potential damage recovery becomes at issue. Moreover, postponing this part of the litigation may avoid expense of certain costs associated with expert discovery, should the Court grant the City's motion.

6. The Parties also agree that, pursuant to Federal Rule of Civil Procedure 35, Plaintiff Eugene Dantzler will appear for a psychological evaluation on December 18, 2017 at 9:30 a.m. at the office of Joanna Berg, Ph.D at 5665 College Avenue, Suite 240 East, Oakland, California 94618. Dr. Berg will perform an interview and a standard battery of psychological tests, including but not limited to: (1) Minnesota Multiphastic Personality Inventory; (2) MCMI; (3) Rorschach Performance Assessment System; and (4) Rotter Incomplete Sentence Blank. It is anticipated that the examination will take a minimum of six hours. Plaintiff should bring his reading glasses, if any, and any medication he is currently taking. Plaintiff understands and agrees that he is not entitled to have his attorney present at the examination and agrees to attend the examination without any other person or representative.

7. Dr. Berg will make an audio recording of the examination and Plaintiff consents to the same.

8. Plaintiff will not sign any authorization or consent form for Dr. Berg, nor will he fill out any forms, charts, new patient records, insurance information, or histories for Dr. Berg or her office. Plaintiff will complete written tests.

9. The evaluation of Plaintiff will be limited to psychological and neuropsychological evaluation and will not include any medical diagnostic tests or physical examination other than pertaining to the psychological and neuropsychological evaluation.

10. Dr. Berg must preserve all documents relating to these tests and procedures, including any and all notes made by Dr. Berg and her staff at any time before, during or after the examination, all raw data generated during the examination, all tests, forms, score sheets, or other writings

1   generated during the examination whether generated by Plaintiff or Dr. Berg.  Dr. Berg must produce
2   all raw test data to Plaintiff's designated expert in psychiatry/psychology, if any, within a reasonable
3   period after the completion of her examination and not less than one week after Plaintiff identifies his
4   designated expert and, through counsel, has requested production of such data.

5   11. This examination, any audio recordings of this examination, Dr. Berg's report, all
6   medical and psychotherapeutic information provided to Dr. Berg, and all test data are subject to the
7   protective order already in place in this matter.

8   12. The examiner's report will be timely produced to provide to Plaintiff's counsel
9   pursuant to Federal Rule of Civil Procedure 35 within 30 days after her completion of her examination
10  of Plaintiff.  This stipulation constitutes Plaintiff's formal request under Rule 35.

11  13. Plaintiff also agrees to sign waivers authorizing release of his mental health records
12  from the United States Department of Veterans Affairs, located at the VA Martinez Outpatient Clinic,
13  150 Muir Road, Martinez, CA 94553 for mental health records from July 1, 2000 until present, and
14  from Kaiser Permanente, located in Oakland, California for mental health records from January 1,
15  2012 through December 31, 2014.  Plaintiff agrees to provide the signed waivers to the City by
16  Wednesday, August 16, 2017.  Plaintiff agrees that, if the City is required to file a motion to compel
17  timely production of these records from either the United States Department of Veterans Affairs or
18  Kaiser Permanente that Plaintiff will not oppose the City's motion.

19  14. Defendant shall provide a copy of this stipulation to Dr. Berg reasonably in advance of
20  the examination in an effort to minimize the possibility of disagreement or misunderstanding at the
21  time of examination.

22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /

SO STIPULATED.

Dated: August 10, 2017   DENNIS J. HERRERA
　　　　　　　　　　　　City Attorney
　　　　　　　　　　　　KATHARINE HOBIN PORTER
　　　　　　　　　　　　Chief Labor Attorney
　　　　　　　　　　　　JENICA D. MALDONADO
　　　　　　　　　　　　Deputy City Attorney


　　　　　　　　　　　　By: /s/Jenica D. Maldonado
　　　　　　　　　　　　　　JENICA D. MALDONADO

　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　CITY AND COUNTY OF SAN FRANCISCO

Dated: August 10, 2017   LAW OFFICES OF BRIAN K. ROSS[1]

　　　　　　　　　　　　By: /s/Brian K. Ross
　　　　　　　　　　　　　　BRIAN K. ROSS, ESQ.

　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　EUGENE F. DANTZLER

---

[1] Pursuant to General Order No. 45, the counsel for the City attests that concurrence in the filing of this document has been obtained from the other signatory, which shall serve in lieu of his signature on the document.

# **ORDER**

Having considered the Parties' stipulation, and good cause appearing, the Court modifies the scheduling order as follows:

|  | **Current Date** | **New Date** |
|---|---|---|
| Opening Expert Reports: | September 7, 2017 | January ~~17~~ 10, 2018 |
| Rebuttal Reports: | September 28, 2017 | January 29, 2018 ~~February 12, 2018~~ |
| Expert Discovery Cut-off: | October 19, 2017 | February ~~26~~ 12, 2018 |

All other dates set forth in the Case Management and Pretrial Order for Jury Trial (Dkt. No. 25) remain unchanged.

Moreover, the independent medical examination ("IME") of Plaintiff will take place on Friday December 18, 2017 in accordance with Federal Rule of Civil Procedure 35(b)(6) and pursuant to the terms and conditions set forth in the Parties' stipulation. If necessary, the Parties may mutually agree on an alternative date and time for the IME, provided that the examination takes place before December 18, 2017 and otherwise remains subject to the terms and conditions set forth in the stipulation.

**IT IS SO ORDERED.**

Dated: August 11, 2017



IT IS SO ORDERED AS MODIFIED

Judge Edward M. Chen

STIP & <u>AMENDED</u> [PROPOSED] ORDER TO CONTINUE EXPERT DISC AND FOR IME
Case No. C16-3119 EMC

6

c:\users\wtakao\appdata\local\temp\notesc7a056\01212532.docx